## JOHN RIVERA v. THE STATE.

No. 18472.   Delivered May 13, 1936.

The opinion states the case.

*Horace H. Shelton,* of Austin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Appellant was indicted by a grand jury of Bastrop County, Texas, on January 21, 1936, charging him with the offense of rape. He was placed on trial February 3, 1936, and the death penalty was assessed, the jury's verdict being returned on February 4th.

An amended motion for new trial was filed on February 12th. It was heard and overruled on February 17th and on that date sentence was pronounced. No notice of appeal was

given.  Court adjourned for the term on February 21st.  On February 26th, four days after court had adjourned, a motion was filed with the clerk of the District Court of Bastrop County which motion sought to have the district judge enter what is denominated a "nunc pro tunc" order showing that notice of appeal was given on the day the motion for new trial was overruled, and to have such notice of appeal entered on the minutes of the court.  The trial judge heard said motion on April 4th, and denied same.  It is from the ruling last mentioned that this appeal is brought, presumably in an effort to have this court direct the trial court to enter the order requested.

The record shows that in fact no notice of appeal was given, not that it was given and there was a failure to make a record thereof.  The purpose of the motion seems to have been an effort to secure from the trial judge an order showing that something was done which in fact was not done.

We are not aware of any procedure or law which confers upon the Court of Criminal Appeals the right or authority to review the action of a trial judge under circumstances here shown.

The appeal is dismissed, this court having no jurisdiction.

*Dismissed.*